## *In re* EMBLEN, Petitioner.

ORIGINAL.

No. 9, Original.    Argued December 16, 1895. — Decided March 2, 1896.

If, after the Secretary of the Interior has decided a contest as to the right of preëmption to public land in favor of one contestant, and has granted a rehearing, but before the rehearing is had, Congress passes an act confirming the entry of that contestant, and directing that a patent issue to him, and a patent is issued accordingly, a writ of mandamus will not lie to compel the Secretary to proceed to adjudication of the contest.

THIS was a petition of George F. Emblen for a writ of mandamus to the Secretary of the Interior to hear and decide a contest between Emblen and George F. Weed as to a quarter section of land in Colorado. The petition alleged the following facts:

In February, 1885, and long before, the land in question, situated in the Denver land district, Colorado, was a part of the unappropriated public domain, suitable for agricultural purposes, and subject to entry and purchase under the preëmption and homestead laws. On February 26, 1885, Weed filed in the land office of that district a declaratory statement under oath, as required by the preëmption laws, alleging his settlement upon the land, and his purpose to occupy and cultivate it, and to acquire title to it under those laws. On September 19, 1885, the register and receiver of the district received from Weed final proofs of settlement, improvement and other essential facts, and the government price, and issued to him a cash entry certificate of purchase, entitling him in due course to a patent for the land.

On October 4, 1888, before any patent had been issued, Emblen filed a protest in that office against the issue of a patent to Weed for the land in question, alleging fraud, misrepresentation and perjury on Weed's part touching his settlement, occupation and purpose, and demanding a hearing thereon, and asking to be allowed all the rights of a contestant under the act of May 14, 1880, c. 89. 21 Stat. 140. On May 21, 1889, the register and receiver, after hearing evidence and

arguments, dismissed the protest and contest. Emblen appealed to the Commissioner of the General Land Office, who, on February 20, 1890, reversed the decision, and held Weed's entry for cancellation. Meanwhile the town of Yuma had been built upon the land; and Weed and the board of trustees of Yuma petitioned for a rehearing, which was granted by the Commissioner.

Shortly afterwards, a new land district was created, with offices at Akron, Colorado. The land being in this district, the rehearing was transferred to the register and receiver thereof. Emblen protested, on the ground that the receiver was interested personally in the result of the contest, because he claimed ownership of a portion of the land by a conveyance from Weed. The protest was overruled, and, Emblen refusing to appear before the register, or to submit to his jurisdiction, an *ex parte* hearing was had, and a decision was rendered on November 4, 1890, in favor of Weed, dismissing the contest, and was affirmed on successive appeals to the Commissioner of the General Land Office, and to the Secretary of the Interior. On August 25, 1893, the Secretary of the Interior granted a petition of Emblen for a rehearing upon newly discovered evidence, and expressed the opinion that the proceedings before the register and receiver at Akron were invalid.

Before such rehearing was had, Congress passed the act of December 29, 1894, c. 15, confirming Weed's entry, and directing that a patent issue to him for the land. 28 Stat. 599. In February, 1895, a patent was accordingly issued to Weed; and the Secretary of the Interior, solely by reason of the passage of this act, suspended all proceedings in the contest, and declined to authorize or direct any further hearing, trial, or consideration thereof.

The petitioner further alleged that in good faith, and in reliance upon the acts of Congress and the regulations of the land department, he had spent in this contest years of labor, and large sums of money; that he desired that the contest proceed to final adjudication and disposition; and that, should he succeed therein, it was his purpose to claim and to exercise

his preference right of entry and purchase of the land, as by law authorized and provided.

The prayer of the petition was that the act of Congress be declared unconstitutional and void; that the patent to Weed be likewise declared void, because issued without warrant or authority in law; and "that a writ of mandamus issue, directed to the Secretary of the Interior, requiring him to proceed to the final adjudication and disposition of said contest, in accordance with the general acts of Congress, and the rules and regulations of the land department, in that behalf made and provided."

*Mr. Henry B. O'Reily* for petitioner.

I. At the time of the passage of this act the land in question had been segregated from the mass of the public domain; it was no longer any part of the "territory or property" of the United States; it was in fact and in law private property. *Wilcox* v. *Jackson*, 13 Pet. 498; *United States* v. *Turner*, 54 Fed. Rep. 228; *Reichart* v. *Felps*, 6 Wall. 160; *Kansas Pacific Railway* v. *Dunmeyer*, 113 U. S. 629; *United States* v. *Southern Pacific Railroad*, 146 U. S. 570; *Borden* v. *Northern Pacific Railroad*, 145 U. S. 535.

II. If private property Congress had no dominion over it. After each entry of public lands the power of Congress to dispose thereof ceases, or is certainly suspended, until such entry may be cancelled or forfeited as by law authorized.

III. The act is void as an unprecedented and unwarranted interference with the judicial proceedings of a tribunal lawfully established while actually engaged, within the sphere of its lawful authority, in the determination of a controversy touching the respective rights of individuals to certain property. Confusion and chaos must necessarily result where one department of the government is permitted to encroach upon, or to usurp any of the powers properly belonging to another. *Astiazaran* v. *Santa Rita Mining Co.*, 148 U. S. 80; *Steel* v. *Smelting Co.*, 106 U. S. 447; *Germania Iron Co.* v. *United States*, 58 Fed. Rep. 334; *Marquez* v. *Frisbie*, 101 U. S. 473; *Casey* v. *Vassen*, 50 Fed. Rep. 258.

IV. The act is void as an unprecedented and unlawful attempt, by special act, to deprive petitioner of a very valuable right, and exclusive privilege, secured to him and to his heirs, by general laws, then and still in full force, upon the faith of which he had expended, as by law required, much time and money. It was an endeavor to abrogate a contractual, if not a vested right, secured to petitioner upon compliance with, and in pursuance of, lawful acts of Congress. *Shepley* v. *Cowan*, 91 U. S. 330 ; *Reichart* v. *Felps*, 6 Wall. 160 ; *Stoddard* v. *Chambers*, 2 How. 284.

V. The act is void because it denied to petitioner the equal protection of the laws.

VI. If the act be void, and the Secretary declines to proceed with this contest solely on account thereof, mandamus is the proper remedy to require him to reinstate said cause and to proceed with the judicial disposition thereof in due course. *In re Hohorst,* 150 U. S. 653 ; *McPherson* v. *Blacker*, 146 U. S. 1 ; *N. Y. Life Ins. Co.* v. *Wilson*, 8 Pet. 291 ; *Ex parte Morgan*, 114 U. S. 174 ; *Livingston* v. *Dorgenois*, 7 Cranch, 577.

*Mr. S. M. Stockslager,* (with whom was *Mr. George C. Heard* on the brief,) by special leave of court for the Lincoln Land Company, opposing.

*Mr. Assistant Attorney General Whitney* opposing.

Mr. Justice GRAY, after stating the case, delivered the opinion of the court.

This is an attempt to use a writ of mandamus to the Secretary of the Interior as a writ of error to review his acts, and to draw into the jurisdiction of the courts matters which are within the exclusive cognizance of the land department.

By section 2273 of the Revised Statutes, "When two or more persons settle on the same tract of land, the right of preëmption shall be in him who made the first settlement, provided such person conforms to the other provision of the law ; and all questions as to the right of preëmption arising

between different settlers shall be determined by the register and receiver of the district within which the land is situated; and appeals from the decision of district officers, in cases of contest for the right of preëmption, shall be made to the Commissioner of the General Land Office, whose decision shall be final, unless appeal therefrom be taken to the Secretary of the Interior."

By the act of May 14, 1880, c. 89, § 2, " In all cases where any person has contested, paid the land office fees, and procured the cancellation of any preëmption, homestead or timber-culture entry, he shall be notified by the register of the land office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands." 21 Stat. 141.

The contest between Emblen and Weed was conducted in accordance with these statutes. After the last decision of the register and receiver, affirmed by the Commissioner of the General Land Office, and by the Secretary of the Interior, in favor of Weed; and after the Secretary of the Interior had granted a petition of Emblen for a rehearing, and before the rehearing had been had; Congress passed an act confirming Weed's entry, and directing that a patent issue to him for the land in controversy. The Secretary of the Interior thereupon suspended the pending proceedings, and declined to authorize any further hearing of the contest; and a patent was actually issued to Weed before this petition for a writ of mandamus was filed.

Such being the state of the case, it is quite clear that (even if the act of Congress was unconstitutional, which we do not intimate) the writ of mandamus prayed for should not be granted. The determination of the contest between the claimants of conflicting rights of preëmption, as well as the issue of a patent to either, was within the general jurisdiction and authority of the land department, and cannot be controlled or restrained by mandamus or injunction. After the patent has once been issued, the original contest is no longer within the jurisdiction of the land department. The patent conveys the legal title to the patentee; and cannot be revoked or set

aside, except upon judicial proceedings instituted in behalf of the United States. The only remedy of Emblen is by bill in equity to charge Weed with a trust in his favor. All this is clearly settled by previous decisions of this court, including some of those on which the petitioner most relies. *Johnson* v. *Towsley*, 13 Wall. 72; *Moore* v. *Robbins*, 96 U. S. 530; *Marquez* v. *Frisbie*, 101 U. S. 473; *Smelting Co.* v. *Kemp*, 104 U. S. 636; *Steel* v. *Smelting Co.*, 106 U. S. 447; *Monroe Cattle Co.* v. *Becker*, 147 U. S. 47; *Turner* v. *Sawyer*, 150 U. S. 578, 586.

*Writ of mandamus denied.*