# HEDRICK *v.* ATCHISON, TOPEKA AND SANTA FÉ RAILROAD COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 154. Argued January 14, 1897. — Decided May 24, 1897.

F. located a bounty land warrant on the west half of range 14, with which he was acquainted. The land office, knowing his purpose and intending to comply with it, by mistake and oversight entered the location as of the half of range 17 instead of range 14. F., being ignorant of the mistake, entered upon the half of range 14 which he had thus located, took possession of it, paid taxes on it, and sold it. His grantees and their successors paid taxes on it, occupied it, and exercised acts of ownership over it. H., by his agent W., who knew all these facts, applied to enter the tract in range 14 so intended to be located by F., and received a patent therefor. In an action instituted by H. to recover possession of a portion of the land, *Held*, that the plaintiff was not entitled to recover, and that he held the legal title, evidenced by his patent, as trustee for those holding under F.

ROBERT G. Hedrick filed his petition in the Circuit Court of Adair County, Missouri, on October 14, 1890, against the Atchison, Topeka and Santa Fé Railroad Company, seeking to recover possession of the portion of the defendant company's right of way which extended through the west half of the southeast quarter of section 28, township 61, range 14, in said county. The defendant company answered, as did also James G. Wilson and John G. Sanders, who, upon their own application, were made parties defendant. The plaintiff subsequently filed replications, and on May 5, 1891, the said court entered the following decree :

"Now at this day this cause coming on to be heard, the parties appear, by their respective attorneys, and answer ready for trial, and a jury being waived, the cause is submitted to the court.

"And the court having seen and heard the allegations and proofs of the parties, and being fully informed in the premises, doth find that this is an action of ejectment for the premises described in plaintiff's petition brought by the plaintiff against the defendant, the Atchison, Topeka and Santa Fé Railroad Company, and that the defendants, Wilson and Sanders, have, on their own motion, been made parties defendant; that the said defendant railroad company is the lessee of the Chicago, Santa Fé and California Railway Company of Iowa, which company is the grantee of the defendants Wilson and Sanders by general warranty deeds for the land in controversy ; that the defendant Sanders is the grantee of said Wilson for a part of the said premises; that said Wilson is the grantee by mesne conveyances of warranty of one William E. Parcells, who is the grantee of one William A. Lane by general warranty deed of date April 15, 1875; that said Lane is the grantee of one Cavil M. Freeman by general warranty deed of date the — day of January, 1860.

"That on July 25, 1860, said Freeman, at the district land office at Milan, Missouri, where said land was subject to entry, located military bounty land warrant No. 8470 (act of Congress of March 3, 1855) upon the west half of the southeast quarter of section 28, township 61 north, range

14 west, of the fifth principal meridian (which includes the land in question), and thereupon received a certificate of entry for said west half from the register of said land office, which entry was duly and properly posted on the books and records of said land office by proper notations and entries in the tract books, the plat book and the monthly abstract book, but by mistake and oversight said land was described in the application as being in range 17 instead of range 14.

"That said Freeman sold said land as aforesaid, and paid taxes thereon, and his grantees have ever since paid taxes thereon and exercised acts of ownership over said land, and since April, 1875, have been in the actual, constant, continuous and uninterrupted occupancy of said premises, making lasting and valuable and permanent improvements thereon, such as fencing, dwellings and barns, and building a railroad thereon; that the plat book in the office of the county clerk of Adair County, certified by the register of the land office in 1866, shows that said west half, in range 14, had been entered and located by said Freeman, and the books in said land office continued to show said entry of said Freeman until some time subsequent to 1874, when first alterations and additions began to be made; and the court finds that said Freeman intended to and did enter said west half, in range 14, and the land officers in the land office at Milan, Missouri, knew said intention of said Freeman, and that he intended to enter said tract, and they intended him to enter said tract; and that thereby he became and was vested and possessed of the equitable right and estate in and to said tract, and became and was entitled to a patent to said land from the government.

"That on September 1, 1885, while defendants Wilson and Sanders were in the actual occupancy and possession of said premises, plaintiff, taking advantage of the mistake made in said application, by his agent, A. C. Widdicombe, who was also his son in law, and an expert lawyer, who had full knowledge of the original entries and notations in said books and records of the land office, as well as of the additions, alterations, erasures and defacements of said books and records then and now existing, made application to enter said tract of land,

and did thereafter, on the 20th day of July, 1886, secure a patent for said land.

"And the court further finds that the plaintiff is not a purchaser of said land in good faith without notice of the defendants' estate therein, but he is chargeable with full knowledge of all the rights, equities and estate of defendants in and to the said premises, and holds the legal title, evidenced by said patent, as trustee for the defendant railroad company's lessor, the Chicago, Santa Fé and California Railway Company, and that plaintiff is not entitled to recover in this action.

"Wherefore it is by the court considered, ordered, adjudged and decreed that plaintiff be, and he is hereby, divested of all right, title, interest and estate in and to the premises described in the petition as follows, to wit: a strip of land 100 feet wide on the north and west of the Santa Fé survey, and 50 feet wide on the south and east of said survey through the northwest quarter of the southeast quarter of section 28, in township 61, of range 14; and also a tract of land 100 feet wide on each side of and along the centre line of said railway company's survey from where it enters the southwest quarter of the southeast quarter of section 28, township 61, of range 14, at station No. 7078–39 for a distance of 111 feet to station No. 7079–50; thence a tract of land 50 feet in width on the north and west side of said survey for a distance of 450 feet to station No. 7084; thence 100 feet on north and west side of said survey and 50 feet on south and east side of said survey for a distance of 1310 feet to station No. 7097–10, to where said survey leaves said last-described 40 acres and as the same is located over and across the said southwest quarter of the southeast quarter of section 28, township 61, range 14; all the said described premises being the same land claimed and occupied by said railway company, situate in the west half of the southeast quarter of section 28, township 61, range 14, in the county of Adair and State of Missouri; and that all the said right, title, interest and estate accruing to plaintiff by reason of said patent be and the same is hereby vested in the said Chicago, Santa Fé and California Railway Company

as fully and completely as plaintiff might or could do so by regular warranty deed, duly executed according to law."

The plaintiff appealed to the Supreme Court of the State of Missouri, and upon the affirmance by that court of the said decree, he sued out a writ of error from this court.

*Mr. Marcus T. C. Williams* for plaintiff in error. *Mr. Albert C. Widdicombe* was on his brief.

*Mr. Samuel W. Moore* for the railroad company. *Mr. Gardiner Lathrop* and *Mr. B. E. Guthrie* were on his brief and also *Mr. Joseph Park* as attorney for Wilson and Sanders.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

This was an action of ejectment brought and tried in the circuit court of Adair County, Missouri. At the trial a jury was waived, and the court made a finding of facts, and thereupon entered judgment in favor of the defendants. Upon a writ of error to the Supreme Court of Missouri the findings by the circuit court were received as conclusive upon all the facts in issue, although, indeed, as we learn from its opinion, that court reviewed all the evidence, reaching the same conclusions with those found by the circuit court. 120 Missouri, 516.

The findings of fact by the trial court and by the Supreme Court of thé State are, in this writ of error, conclusive upon us. *Republican River Bridge Co.* v. *Kansas Pac. Railroad*, 92 U. S. 315; *Dower* v. *Richards*, 151 U. S. 658, 672; *Egan* v. *Hart*, 165 U. S. 188, 193.

Our only inquiry, therefore, is whether, upon the facts so found, the defendants in the court below were entitled to the judgment therein rendered.

The decisive facts were that, on July 25, 1856, Cavil M. Freeman, at the district land office at Milan, Missouri, where the land in controversy was subject to entry, located military bounty land warrant number 8470, issued under act of Con-

gress, March 3, 1855, upon the west half of the southeast quarter of section 28, township 61 north, range 14 west, of the fifth principal meridian, which includes the land in question, and thereupon received a certificate of entry for the same from the register of said land office, which entry was duly and properly posted on the books and records of said land office by proper notations and entries in the tract books, the plat book and the monthly abstract book, but by mistake and oversight said land was registered in the application as being in range 17, instead of range 14; that said Freeman, having entered upon said land and paid taxes thereon, sold the same, and that his grantees have ever since paid taxes thereon, have exercised acts of ownership, and since April, 1875, have been in the actual and uninterrupted possession of said premises, and have made lasting and valuable and permanent improvements thereon, such as fencing, dwellings and barns, and a railroad thereon ; that the plat book in the office of the county clerk of Adair County, certified by the register of the land office in 1866, shows said west half, in range 14, had been entered and located by said Freeman, and the books in said land office continued to show said entry of said Freeman until some time subsequent to 1874, when first alterations and additions began to be made ; that said Freeman intended to and did enter said west half, in range 14, and that the land officers in the land office at Milan knew said intention of said Freeman, and that he intended to enter said tract, and that they intended him to enter said tract ; that thereby he became and was vested and possessed of the equitable right and estate in and to said tract, and was entitled to a patent to said land from the government; that on September 1, 1885, whilst defendants were in the actual occupancy and possession of said premises, plaintiff, taking advantage of the mistake made in said application by his agent, A. C. Widdicombe, who was also his son in law, and an expert lawyer, who had full knowledge of the original entries and notations in said books and records of the land office, as well as of the additions, alterations, erasures and defacements of said books and records then existing, made application to enter said tract of

land, and did, thereafter, on the 20th day of July, 1886, receive a patent for said land; that the plaintiff was not a purchaser of said land in good faith, without notice of the defendants' estate therein, but was chargeable with full knowledge of all the rights, equities and estate of defendants in and to the said premises.

The legal conclusion reached by the state courts upon such a state of facts was that the plaintiff was not entitled to recover, and that he held the legal title evidenced by said patent as trustee for the defendants. The propriety of that conclusion can be manifested by the citation of a few decisions of this court.

*Wirth* v. *Branson*, 98 U. S. 118, was like the present, the case of a contest between the locator of a military bounty land warrant and a party who had subsequently obtained a patent for the same tract; and it was held that, as the land in question was shown to have been located under a regular military land warrant, a subsequent location, though followed by a patent, would be void; that, as everything was done by the locator of the warrant to entitle him to a patent, the land became segregated from the public domain, and was subjected to private ownership and all the incidents and liabilities thereof; and it was said that " the rule is well settled, by a long course of decisions, that when public lands have been surveyed and placed in the market, or otherwise opened to private acquisition, a person who complies with all the requisites necessary to entitle him to a patent in a particular lot or tract is to be regarded as the equitable owner thereof, and the land is no longer open to location. The public faith has become pledged to him, and any subsequent grant of the same land to another party is void, unless the first location of entry be vacated and set aside."

*Widdicombe* v. *Childers*, 124 U. S. 400, came to this court on a writ of error to the Supreme Court of Missouri. In its facts it closely resembles the present one. The suit was brought by Widdicombe to recover the possession of the S. E. ¼, sec. 36, T. 64, R. 6, Clarke County, Missouri. He claimed title under a patent of the United States, bearing date of

December 15, 1871, issued upon a location of agricultural scrip on May 10, 1871.  As an equitable defence to the action, such a defence being permissible by the laws of Missouri, the defendants alleged in substance that they claimed title under Edward Jenner Smith, who, on July 6, 1836, went to the proper land office and made application for the purchase of the land in dispute ; that his application was duly accepted and he completed the purchase by the payment of the purchase money as required by law ; that the entries made at the time by the proper officers in the plat and tract books kept in the office showed that he had bought and paid for the S. E. $\frac{1}{4}$, but that the register, in writing his application, described the S. W. $\frac{1}{4}$ by mistake ; that he signed the application without discovering the error ; that he immediately went into possession of the S. E. $\frac{1}{4}$ as and for the land he had purchased, and he and those claiming under him have asserted title thereto, and paid taxes thereon ever since ; that afterwards the entries on the plat and tract books were changed, without authority of law, so as to show that his purchase had been of the S. W. $\frac{1}{4}$ instead of the S. E. $\frac{1}{4}$; that Widdicombe located his scrip on the S. E. $\frac{1}{4}$ with full knowledge of all the facts, and that he now held the legal title under his patent in trust for those claiming under Smith, whom the defendants represented in the suit.   The trial court found the facts to be substantially as stated in the answer ; and the Supreme Court of Missouri affirmed the finding and rendered judgment in favor of defendants, requiring Widdicombe to convey in accordance with the prayer of the answer. The case was brought to this court on a writ of error, and the judgment of the state court was affirmed.   In the course of the opinion it was said by Mr. Chief Justice Waite :

" The mistake in this case does not appear to have been discovered by Smith, or those claiming under him, until after Widdicombe had got his patent, and after they had been in the undisputed possession for thirty-five years and more of what they supposed was their own property under a completed purchase, with the price fully paid.   Widdicombe, being a purchaser with full knowledge of their rights, was in law a purchaser in bad faith, and as their equities were superior to

his, they were enforceable against him, even though he had secured a patent vesting the legal title in himself. Under such circumstances, a court of chancery can charge him as trustee and compel a conveyance which shall convert the superior equity into a paramount legal title. . . . The holder of a legal title in bad faith must always yield to a superior equity. As against the United States his title may be good, but not as against one who had acquired a prior right from the United States in force when his purchase was made under which his patent issued. The patent vested him with the legal title, but it did not determine the equitable relations between him and third persons. *Townsend* v. *Greeley*, 5 Wall. 326; *Johnson* v. *Towsley*, 13 Wall. 72; *Wirth* v. *Branson*, 98 U. S. 118; *Marquez* v. *Frisbie*, 101 U. S. 473."

Further discussion is unnecessary. The judgment of the Supreme Court of Missouri is

*Affirmed.*