## EMBLEN *v.* LINCOLN LAND COMPANY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 147.  Submitted January 29, 1902.—Decided March 24, 1902.

While a contest over a preëmption entry was pending, Congress passed an act confirming the entry and directing the patent to issue, which was done.  *Held,* That the act was within the power of Congress, and that its operation could not be defeated by a contestant who had never made an entry on the land, nor perfected the right to do so.

THIS was an appeal from a decree of the Circuit Court of Appeals for the Eighth Circuit, affirming the decree of the Circuit Court of the United States for the District of Nebraska, dismissing a bill filed therein by George F. Emblen against the Lincoln Land Company, George F. Weed, and others.  The bill averred that Weed, September 19, 1885, made a cash preëmption entry of the southeast quarter of section twenty-two of township two, north of range forty-eight west, at the land office of the United States in the city of Denver, Colorado; that October 4, 1888, Emblen filed a contest against this entry on the ground that Weed had not complied with the requirements of

the law in respect of residence on the premises, and that the entry was fraudulent, and made for speculative purposes; that Emblen's purpose in making the contest was not only that the laws of the United States should be complied with by Weed, but that by defeating Weed's entry he (Emblen) might be enabled to enter the land under the provisions of section 2 of chapter 89 of the laws of the United States, approved May 14, 1880, 21 Stat. 140, c. 89, which section read as follows:

"SEC. 2. In all cases where any person has contested, paid the land office fees, and procured the cancellation of any preemption, homestead, or timber culture entry, he shall be notified by the register of the land office of the district in which such land is situated of such cancellation, and shall be allowed thirty days from date of such notice to enter said lands: *Provided,* That said register shall be entitled to a fee of one dollar for the giving of such notice, to be paid by the contestant, and not to be reported."

The bill further averred that on a hearing the register and receiver, on May 21, 1890, recommended the dismissal of the contest; that Emblen appealed to the Commissioner of the General Land Office and his appeal was sustained; that thereupon Weed moved for a rehearing, and the officials and inhabitants of the town of Yuma, which had been located on the premises, intervened for the protection of their rights; the rehearing was granted, but before it was had a new land district was created at Akron, Colorado, which embraced the land in question; and the rehearing was ordered to take place at Akron on September 16, 1890; that Emblen did not appear, but filed objections to the jurisdiction, averring that the receiver at Akron was an interested party. On the rehearing the local officers found in favor of Weed and dismissed the contest, and thereupon Emblen appealed to the Commissioner of the General Land Office, and the Commissioner affirmed the action of the local land office, from which ruling Emblen further appealed to Mr. Secretary Noble, then Secretary of the Interior, who, by a decision rendered January 9, 1893, affirmed the action of the local officers and of the Commissioner.

The bill then averred that Emblen subsequently moved for a

review of the decision before Mr. Secretary Smith, on the ground, among other things, of newly discovered evidence, and that a rehearing of the whole contest was ordered by him to be had before the local officers, in obedience to which the register and receiver at Akron set the case for rehearing on January 2, 1894, at which time Weed and other parties interested obtained a continuance, it being charged that this continuance was obtained for the purpose of procuring the passage of an act of Congress confirming the title of the original entryman, which act was in fact passed and approved December 29, 1894, 28 Stat. 599, c. 15, and was in these words : " That the preëmption cash entry numbered forty-nine hundred and ninety, of George F. Weed, made at the district land office at Denver, Colorado, on the nineteenth of September, eighteen hundred and eighty-five, for the southeast quarter of section twenty-two, township two north, of range forty-eight west, which tract embraces the town of Yuma, Colorado, the county seat of Yuma County, Colorado, be, and the same is hereby, confirmed ; and that patent of the United States issue therefor to said Weed."

Complainant alleged that while the bill for that act was pending before both Houses of Congress, full information was furnished them of the exact status of the contest over the land ; that when the act was passed, the question of the title thereto was pending in the land department, which, under the Constitution and laws of the United States, is solely charged with the duty of determining the rights of preëmptors and contestants and the right to issue patent therefor to the parties entitled thereto ; and that Congress had no right or power to adjudicate on the question of the title to the premises in dispute ; and that, moreover, under the provisions of section two of the act of Congress of May 14, 1880, complainant had a vested right to enter the land upon the determination of the contest then pending between himself and Weed ; and that if complainant had been permitted to continue the contest to final determination, he would have succeeded in securing the cancellation of the Weed entry ; and that the passage of the act of Congress above cited, and the issue of patent thereunder, deprived complainant of a vested right without due process of law. It was also averred

that in January, 1886, the town of Yuma was located on a part of the premises, and the town and a large number of other parties were made defendants, it being charged that they had full knowledge of the facts regarding the Weed entry.

The bill prayed that the several defendants be decreed to hold the title to the property in trust for the use and benefit of complainant, and that it be decreed that the patent issued under the act of Congress to Weed conveyed no property in the premises against the rights of complainant. The principal defendants interposed a demurrer to the bill, which was sustained, and the bill dismissed with costs. 94 Fed. Rep. 710. The case was then carried to the Circuit Court of Appeals for the Eighth Circuit, and the decree of the Circuit Court affirmed. The opinion of Judge Shiras in the Circuit Court was adopted as the opinion of the Circuit Court of Appeals. 102 Fed. Rep. 299. An appeal was then prosecuted to this court.

*Mr. Edward R. Duffie* and *Mr. T. J. Mahoney* for appellant.

*Mr. J. W. Deweese* and *Mr. Frank E. Bishop* for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

At October term, 1895, appellant filed his petition in this court for a writ of mandamus to the Secretary of the Interior to hear and decide the contest between himself and George F. Weed as to the quarter section of land in Colorado in question. The petition alleged in substance the same matters set up in the bill in this case. The writ of mandamus was denied, and Mr. Justice Gray, speaking for the court, said: "Such being the state of the case, it is quite clear that (even if the act of Congress was unconstitutional, which we do not intimate) the writ of mandamus prayed for should not be granted. The determination of the contest between the claimants of conflicting rights of preëmption, as well as the issue of a patent to either, was within the general jurisdiction and authority of the land department, and cannot be controlled or restrained by mandamus or

injunction. After the patent has once been issued, the original contest is no longer within the jurisdiction of the land department. The patent conveys the legal title to the patentee; and cannot be revoked or set aside, except upon judicial proceedings instituted on behalf of the United States. The only remedy of Emblen is by bill in equity to charge Weed with a trust in his favor." *In re Emblen, Petitioner*, 161 U. S. 52.

The bill before us is such a bill, and the question arises whether it was within the power of Congress to exercise control over the land, and direct, as it did, the issue of the patent to Weed; and that depends on whether Emblen had obtained a vested right in the land before the passage of the act of December 29, 1894, as otherwise the power of Congress over its disposition as public land was plenary. *Frisbie* v. *Whitney*, 9 Wall. 187; *Shepley* v. *Cowan*, 91 U. S. 330; *Buxton* v. *Traver*, 130 U. S. 232; *Gonzales* v. *French*, 164 U. S. 345.

The Weed entry had not been cancelled when the act of 1894 took effect, so that Emblen had no right to make entry under the act of May 14, 1880. The jurisdiction of the land department ceased with the issue of the patent, and the power of Congress to direct the patent to issue was unaffected by the possibility that Emblen, if he had been permitted to prosecute his contest, might have succeeded. As Mr. Justice Miller said in *Frisbie* v. *Whitney, supra*, the rights of a claimant are to be measured by the acts of Congress, and if they show " that he acquired no vested interest in the land, then, as his rights are created by the statutes, they must be governed by their provisions, whether they be hard or lenient."

As Emblen never made an entry on the land, nor perfected a right to do so, it results that he had no vested right or interest which could defeat the operation of the act of 1894.

*Decree affirmed.*