LAND, J.
The petition herein represented that on or about May 4, 1906, the plaintiff made a formal application to the register of the state land office and tendered the legal price, fees, commissions, etc., for the entry of sundry tracts of land, aggregating 10,-896.24 acres; that said application was rejected for the reason that said lands had been entered or purported to have been entered ; that said entries were null and void ab initio, because made under Act No. 23, p. 25, of 1880, with what is known as “McEnery land scrip,” which was located upon the lands of the state of Louisiana belonging to said state at the time of the issuance of said land scrip, and the register was without authority, and the Governor at that time, namely, 1881, was without authority, to sign patents or to have the same issued to any entry-man who has located with said land scrip; that the lands described were not entered by John McEnery with the scrip issued to him, but were entered by other parties, who had possibly purchased the scrip from him; that the said lands have been transferred to various parties defendant, none of whom have ever taken or had any actual possession of said lands; that said entries are totally null and void, and the land should revert to the state of Louisiana; and that petitioners, being the first legal applicants, should have a preference right to enter said land when so reverted, by paying therefor the price fixed by the laws of the state, etc.
The plaintiffs prayed for citation to the numerous defendants and “that the entries of the lands above described, made at various times in the year 1881, be set aside; that the patents be revoked, and that the land be declared to belong to the state of Louisiana; and, further, that there be judgment decreeing that your petitioners, having made the first application for said land, be allowed to enter the same, in accordance with their application legally made, and that the register of the land office be required to accept said application, and the State Treasurer be required to receive the money tendered for the-purchase thereof.”
The defendants excepted to the petition, on the ground that the allegations thereof disclosed no right of action and no cause of action.
This exception was sustained, and plaintiffs have appealed from the judgment.
The petition discloses that the plaintiffs are-seeking to annul entries and patents issued in the year 1881, on the sole ground that what is known as “McEnery land scrip” was. illegally located on the lands described in. the petition, and that the plaintiffs’ right to. raise such issues and to recover judgment is based on their application to enter made-in May, 1906.
In the case of In re Emblen, Petitioner, 161 U. S. 56, 16 Sup. Ct. 487, 40 L. Ed. 613, the court held that, even if an act of Congress authorizing the issue of a patent was unconstitutional, “the patent conveys the-, legal title to the patentee, and cannot be-revoked or set aside, except upon judicial proceedings instituted in behalf of the United' States.” In that case there was a contest as to the right of pre-emption of public land, and one of the claimants contended that the-act of Congress was void, and that the patent, therefore, should be disregarded as a. nullity. This case was reaffirmed in Emblen v. Lincoln Land Company, 184 U. S. 664, 22 Sup. Ct. 523, 46 L. Ed. 736, and both decisions announced the well-settled rule that the jurisdiction of the Land Department: ceased with the issue of the patent.
In the case at bar the plaintiffs had no-equity in the lands in question when the patents issued in 1881, and acquired no interest therein by their application of May, 1906, to. the register of the state land office, who was; without jurisdiction in the premises, because the land had been segregated from the public-domain.
*1055 The question of the validity of land patents is one between the state and the patentees, or their assigns. Plaintiffs had no inchoate rights of any kind in or to the lands .-granted at the date of the issuance of the patents. Plaintiffs, therefore, have no standing to question the validity of the patents on the ground of the alleged improper or illegal location of the scrip issued to John Mc-Enery. It seems to be conclusively settled that an entry of public land, valid upon its face, segregates the tract of land from the mass of the public domain, and precludes the acquisition of inceptive rights thereto, as long as the original entry remains uncanceled. In such a case the second entryman does not acquire any right in the land or preference of entry, though the first entry may be relinquished or ascertained to be invalid by reason of facts dehors the record of •entry. McMichael v. Murphy, 197 U. S. 304, 25 Sup. Ct. 533, 49 L. Ed. 784. A fortiori the issuance of a patent, valid on its face, precludes the acquisition of inchoate rights to the same land by a subsequent entry or offer to enter.
In this connection it may be noted that the 'Legislature, by Act No. 85, p. 141, of 1900, 'has granted to all owners and assignees of patents which were paid for by certificates • or warrants for scrip not legally receivable for such purpose the right to perfect and validate their titles on certain terms and condi■tions. The state has thus recognized that the present holders of such patents have an equity which entitles them to special con- • sideration.
We do not consider it necessary to pass upon the question of the validity of patents •granted upon -warrants known as “McEnery • scrip” located upon lands owned by the state not actually recovered by John McEnery un- • der his contract. . Suffice it to say that plaintiffs are without standing to maintain an ac-iion to annul such patents.
Judgment affirmed.