UNITED STATES v. WESELY et al.

(Circuit Court, D. Minnesota, Fifth Division. July 21, 1911.)

No. 756.

1. PUBLIC LANDS (§ 38*)—TIMBER AND STONE LANDS—ENTRYMEN—EQUITABLE RIGHTS.

   One whose application to enter land under the timber and stone act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]) has been received by the local land officers has a superior equitable right to a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

subsequent applicant, though by mistake of such officers the first application was noted on the tracts and plat book as relating to other land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 82; Dec. Dig. § 38.*]

**2. Public Lands (§ 117*)—Patents—Validity.**

Where, through mistake of local land officers, the first application to enter land under the timber and stone act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]) is noted on the tracts and plat book as covering another tract of land, and a subsequent applicant procures the first patent to the particular land, the patent is not absolutely void.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 324; Dec. Dig. § 117.*]

**3. Public Lands (§§ 120, 128*)—Conflicting Rights—Determination.**

Title to land entered under the timber and stone act (Act June 3, 1878, c. 151, 20 Stat. 89 [U. S. Comp. St. 1901, p. 1545]) having passed to defendant by prior patent, though another had made prior application to enter and made final proof, his application, by mistake of the local land officers, having been noted on the tracts and plat book as covering another tract of land, the question of the real ownership was open in the proper courts, in a suit by the United States to set aside such patent, or by one claiming under the first applicant to declare a trust.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335, 344; Dec. Dig. §§ 120, 128.*]

**4. Vendor and Purchaser (§ 231*)—Bona Fide Purchasers—Notice—Records—Patents.**

Under Rev. Laws Minn. 1905, § 4735, authorizing recording of government patents, and under section 3356, making properly recorded instruments notice to subsequent purchasers, purchasers from a prior patentee are chargeable with notice of a junior recorded patent, and are chargeable through such patent with knowledge that, on account of the junior patentee's prior application to enter the land, the senior patentee was not entitled to the land as against him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

**5. Public Lands (§ 120*)—Patents—Suit to Set Aside—Laches.**

Laches does not bar suit by the government to set aside a patent to public land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

In Equity. Bill by the United States of America against Wencl Wesely and others. Decree for complainant.

The District Attorney, for the United States.
Alford & Hunt, for defendants.

WILLARD, District Judge. Cain and Wesely, each to the exclusion of the other, attempted to acquire title to the land in question under the timber and stone act. 20 Stat. 89. The proceedings in the land office were as follows:

| | Cain. | | Wesely. | |
|---|---|---|---|---|
| Date of application | Oct. | 21, 1903 | Nov. | 19, 1903 |
| Final proof and payment | March 16, 1904 | | March | 4, 1904 |
| Approved for patent | Dec. | 17, 1904 | Dec. | 10, 1904 |
| Patent issued | Feb. | 4, 1905 | Jan. | 19, 1905 |
| Patent recorded in St. Louis County, Minn. | Oct. | 19, 1905 | April | 30, 1909 |

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The land in question is in section 2. When Cain applied to purchase it, the local land officers, in noting his application on the tracts and plat book, by mistake made it appear that his application related to lands in section 1.

[1] Cain having made the first application to enter the land, and his application having been received by the local officers, his equitable right to the land is superior to Wesely's. Hedrick v. Atchison, Topeka & Santa Fé Railway Co., 167 U. S. 673, 17 Sup. Ct. 922, 42 L. Ed. 320.

[2] Though Cain made the first application, Wesely secured the first patent. This patent was not absolutely void. U. S. v. Schurz, 102 U. S. 378, 400, 26 L. Ed. 167.

In N. P. Railway Company et al. v. Trodick, 221 U. S. 208, 31 Sup. Ct. 607, 55 L. Ed. 704, May 15, 1911, a patent was issued to the railway company for land which was excepted from its grant. The court said:

"So that the issuing of a patent to it in 1903, based on such location, was wholly without authority of law."

Nevertheless the court ordered a decree—

"recognizing Trodick's ownership of the lands in controversy and adjudging that the title under the patent was held in trust for him."

In St. Paul, Minneapolis & Manitoba R. Co. v. Donohue, 210 U. S. 21, 28 Sup. Ct. 600, 52 L. Ed. 941, the patent had been issued to the railroad company, and Donohue brought suit (101 Minn. 239, 112 N. W. 413) to have it declared that the railroad company held the legal title from the United States in trust for this plaintiff. The court used the language previously employed in several cases to the effect that, when the railway company attempted to select the land, it already had been segregated from the public domain, and was not therefore subject to entry by the railway company. It, however, affirmed the judgment of the Supreme Court of Minnesota, and must have held that a patent issued in defiance of this segregation nevertheless passed the title of the government to the patentee; in other words, that it was not void.

This doctrine of segregation has been announced in several cases. Frellsen & Co. v. Crandell, Register, 217 U. S. 71, 77, 30 Sup. Ct. 490, 54 L. Ed. 670; Osborn et al. v. Froyseth, 216 U. S. 571, 576, 30 Sup. Ct. 420, 54 L. Ed. 619; Holt v. Murphy, 207 U. S. 407, 412, 28 Sup. Ct. 212, 52 L. Ed. 271; Weyerhaeuser v. Hoyt, 219 U. S. 380, 31 Sup. Ct. 300, 55 L. Ed. 258. But in no one of them has a patent, issued notwithstanding the segregation, been held absolutely void.

[3] The title to the land having, therefore, passed to Wesely by the patent, the question as to the real ownership was open in the proper courts; and this was so, whether the suit was brought by the United States to set aside the patent, or by an individual to cause the title to be held in trust for him by the patentee. U. S. v. Schurz, 102 U. S. 378, 396, 26 L. Ed. 167.

Cain might have brought an action against Wesely to establish his equitable title to the land, but he could bring no action to set aside

the patent. In re Emblen, Petitioner, 161 U. S. 52, 16 Sup. Ct. 487, 40 L. Ed. 613; Mowry v. Whitney, 14 Wall. 434, 20 L. Ed. 858. It was said in U. S. v. Beebe, 127 U. S. 338-342, 8 Sup. Ct. 1083, 32 L. Ed. 121:

"If two patents to the same land had been issued to two different individuals, it may properly be left to the individuals to settle by personal litigation the question of right in which they alone are interested."

This statement was repeated in Curtner v. U. S., 149 U. S. 662, 676, 13 Sup. Ct. 985, 1041, 37 L. Ed. 890. Notwithstanding these declarations, the decisions are to the effect that the United States can maintain this action to cancel the patent. Oregon & California Railroad Company v. U. S., No. 1, 189 U. S. 103, 23 Sup. Ct. 615, 47 L. Ed. 726. In Brandon v. Ard, 211 U. S. 11-24, 29 Sup. Ct. 1, 53 L. Ed. 68, the court said:

"In suing the Missouri-Kansas Company the officers of the government acted wholly upon their independent judgment as to the validity of the patents it had issued, and as to what was its duty to those who have previously acquired rights in the particular public lands covered by those patents."

As against Wesely the government is entitled to the relief asked. It remains to consider the rights of the defendants Sears and Fessenden. They acquired the interest of Wesely after the patent to Cain had been recorded, but had no actual knowledge thereof. Otherwise they are innocent purchasers of the land for value. The patent to Wesely being voidable, but not void, it seems that an innocent purchaser for value would be protected. U. S. v. Stinson, 197 U. S. 200, 25 Sup. Ct. 426, 49 L. Ed. 724.

[4] However, the laws of Minnesota authorize (R. L. 1905, § 4735) the recording of a government patent in the local registries, and provide (R. L. § 3356) that every instrument properly recorded shall be notice to the parties. Sears and Fessenden were therefore charged with notice of the patent to Cain. Inquiry by them at the land office would have disclosed the fact that their remote grantor, Wesely, was not entitled to the land as against Cain. They therefore stand in no better position than Wesely.

[5] The government is not barred by laches. U. S. v. Minor, 114 U. S. 233-238, 5 Sup. Ct. 836, 29 L. Ed. 110. Where this view of the case will leave Cain, and whether his patent is void or valid, are questions that it is not necessary to decide.

Let a decree be entered for the complainant as prayed for in the amended bill.