## MESMER v. GEITH et al.

District Court, S. D. California, S. D. November 3, 1927.

I. Mines and minerals ⊚═23(5)—Failure to do assessment work does not subject claim to re-entry until after expiration of year.

Failure to do the required amount of assessment work on a placer mining claim during a calendar year does not subject the claim to re-entry under any of the land laws until after the expiration of that year.

2. Public lands ⊚═35(I)—Adverse homestead entry of mining claim held invalid.

Where the owner in possession of a fire clay mining claim did work thereon in 1917, though it did not appear whether sufficient to meet the requirements of the law and during that year the government took possession of and worked the claim for war purposes, the claim *held* not subject to adverse relocation, and a homestead entry thereof, made in June, 1917, by one who had knowledge of the mining operations, but did not disclose them in his application, *held* invalid.

3. Mines and minerals ⊚═9—Land valuable for fire clay may be entered under mining laws.

Land valuable for deposits of fire clay is subject to entry under the mining laws.

In Equity. Suit by Joseph Mesmer against Fred A. Geith and others. Decree for complainant.

Frank C. Prescott, of Los Angeles, Cal., for plaintiff.

Victor H. Koenig, of Los Angeles, Cal., for defendants.

McCORMICK, District Judge. This is a suit in equity, denominated by complainant "to cancel patent," but in reality to declare defendant to be a trustee holding title to certain lands in section 4, township 4 south, range 7 west S. B. M., in Riverside county, Cal., for complainant.

The bill substantially avers that complainant, by valid discoveries and locations as placer mining claims, was the equitable owner of certain properties in the aforesaid described lands, and that defendant subsequently and fraudulently obtained a patent thereto from the United States as agricultural land. The prayer of the bill is that the patent issued to defendant be canceled and declared void, and that the title to said land vest in complainant, and that defendant be declared a trustee holding title to said land in trust for plaintiff, and for general relief and costs.

The answer generally denies the validity of complainant's alleged placer mining discoveries or locations, denies that said lands are mineral in character or valuable for mineral purposes, denies the making of any fraudulent or untrue representations to ob-

tain a patent to said lands, and in general denies all of the material allegations of the bill of complaint, and asks that complainant be dismissed without relief and for his costs. There is no affirmative defense set up in the answer.

The hearing of this suit took place in the early part of 1926, and it was submitted on briefs in August, 1926, and it has been under submission since that time. The delay of decision has been due to two causes: Firstly, it was represented that the litigants would make efforts to amicably settle the controversy; and, secondly, because of the desire on the part of the trial judge to visit the land in suit, which was not possible on account of distance and incessant work in the court until October 1, 1927, upon which day a visit and inspection was made. In August, 1927, the court was advised that it was impossible for the litigants to amicably settle this controversy, and that the suit would have to be decided by the court.

[1] The evidence clearly showed that complainant and his predecessors in interest since 1908 have been in lawful possession and occupancy of five placer mining claims within the aforesaid lands, and that he has complied with the law concerning placer mining locations at all times except that during the years 1917 and 1918 he did not perform on each of said claims the required annual labor in order to hold said claims under the Revised Statutes of the United States. It was contended by defendant that, because of the failure of plaintiff to do such assessment work or to record a claim of exemption therefrom under the Joint Resolution of October 5, 1917 (40 Statutes at Large, p. 343 [Comp. St. § 4620b]), his right and title to such claims thereby lapsed and all of said claims became thereby open to settlement and location under the public land laws of the United States. I was inclined to agree with this contention at the time of trial, but after a careful review of the evidence, and especially after a visit to the land, I am satisfied that, as to the Cubby Hole placer claim, according to the amended location notice thereof, this contention is not available to defendant herein.

[2] It was shown by the testimony that during said two years the government took over and conducted the fire brick business of complainant, which included the mining claims in controversy, and that during such period there was taken from the Cubby Hole claim fire clay which was utilized by the government in the manufacture of boiler brick for war activities. It further appears that considerable mining work had been done by complainant on the Cubby Hole claim during these years. It was not shown as to whether the required amount of labor was done on the Cubby Hole claim during either of these years, but the labor was sufficient to clearly show that there was neither abandonment nor intention of abandonment of the Cubby Hole claim at any time. Moreover, the claims were not open to location until the expiration of December 31, 1917, under any theory, and the Joint Resolution of Congress suspending the requirements of annual assessment work did not become effective until October 5, 1917. But the defendant occupied these claims and filed his alleged homestead application in the United States Land Office on June 7, 1917. It is clear that at such time the Cubby Hole mining claim was not then the subject of entry by defendant. It was then, and until the expiration of the year 1917, a valid, existing, and segregated placer mining location of complainant herein.

In my opinion Hatch v. Leighton, 24 Ariz. 300, 209 P. 300, has no application to the facts disclosed by the record in this suit. At the time defendant entered the land it was not only not open or available to entry, but defendant had actual knowledge of the mineral character of the Cubby Hole claim and was actually aware of the mining activities that had been conducted thereon. He was in no position to take advantage of the failure of complainant to file the necessary notice of exemption required by the Act of October 5, 1917. It is undoubtedly the settled rule that in suits of this kind the complainant must show a paramount title to defendant, and must show that he was entitled to a patent of his mining claim, and that he has complied with the mining laws of the United States. Sparks v. Pierce, 115 U. S. 408, 6 S. Ct. 102, 29 L. Ed. 428; Hedrick v. Santa Fé R. R., 167 U. S. 673, 17 S. Ct. 922, 42 L. Ed. 320.

I believe that complainant has met the requirements of the law in all of the particulars required by the decisions of the Supreme Court and that the defendant, because of his knowledge of the mineral character and mining work done on the Cubby Hole claim, and because of his erroneous and misleading statements to the Land Office in his homestead application and in the final proof offered by him therein, cannot avail himself in this suit of the provisions of the Act of October 5, 1917. It was shown beyond question that defendant and his two witnesses, in submitting final proof to the Land Office on his application for patent, not

only concealed from the government their knowledge of visible signs of mining activities on the Cubby Hole claim, but also misrepresented the fact as to the mineral character of the land for which the application for patent was made.

These conclusions are not only justified by the evidence in this suit, but were substantiated by visual observations on a visit to the land October 1, 1927. It is impossible for one to travel through the land over the main road along Mr. Geith's home place without seeing in plain view the dumps and other mining activities, which the evidence shows were upon the Cubby Hole claim at the time Mr. Geith settled upon the land and made his homestead application in June, 1917. Under these circumstances, it was not only his duty, but he was obliged in good faith, to disclose his knowledge, and to answer differently the questions that were propounded upon his making final proof on his homestead entry in the United States Land Office. It may not be necessary to find that he fraudulently and deceitfully concealed his knowledge and misrepresented the facts. But the facts do operate to prevent him from defeating the right of plaintiff to the Cubby Hole mining claim under the circumstances disclosed by the record herein. It is a noteworthy fact that one of the witnesses for Mr. Geith, making final proof for the Land Office on the homestead application, had been employed by complainant, and had done considerable mining of fire clay for complainant on the Cubby Hole claim prior to the Geith homestead application, and his good faith in answering the questions in making final proof before the Land Office is doubtful, to say the least.

[3] The evidence showed that the Cubby Hole claim was valuable as a fire clay deposit. Land that is valuable for its deposits of fire clay is subject to location and entry under the mining laws of the United States. 25 Land Decisions, 350; 25 Land Decisions, 233. It was proven that bricks from fire clay mined from the Cubby Hole claim have been fabricated, and prospects reveal that fire clay in commercially profitable quantities can be taken from this claim. And the evidence and my observation of the land inclines me to the opinion that the Cubby Hole claim is equally as valuable as a mineral property as for agricultural land, and probably it will prove more valuable with development. There are only small areas of this claim that are suitable for agriculture. The portion of it where the mining operations have occurred is not suitable for commercial or profitable agriculture; and, in view of the offer of

plaintiff to do equity in this suit, a decree can be made which will effect substantial justice and equity between the parties herein.

Mr. Geith's contention is that he does not regard the land in controversy as mineral, and does not assert any mining rights therein, but bases his claims entirely upon the agricultural character of the land and upon his homestead rights therein. I think that a justifiable decree in this suit can be entered, that will not impair Mr. Geith's homestead or agricultural pursuits, and at the same time will recognize the mineral character and mining rights of complainant in the Cubby Hole placer mining location. Under the facts of this suit, the patent to defendant Geith is not conclusive, and does not operate in this action to bar and defeat complainant's placer mining rights. Deffeback v. Hawke, 115 U. S. 392, 6 S. Ct. 95, 29 L. Ed. 423; Diamond Coal Co. v. U. S., 233 U. S. 240, 34 S. Ct. 507, 58 L. Ed. 936. See, also, Butte City Smoke House Lode Cases, 6 Mont. 405, 12 P. 863, and Standard Quicksilver Co. v. Habishaw, 132 Cal. 121, 64 P. 113.

In view of the circumstances disclosed by the record, especially as to the improvements placed by Mr. Geith upon the land in controversy, or for which he has expended money, I believe the court should condition its decree awarding the Cubby Hole claim under the amended location notice thereof to complainant, upon the relinquishment, quitclaim, abandonment, and surrender to defendant Geith of all land and rights situate and lying southerly of the road to Corona, and easterly of a line running due north parallel with the easterly boundary of said Cubby Hole claim, according to the amended location thereof, intersecting the junction of said road to Corona and a lateral roadway running northwesterly therefrom, which road terminates at a point marked "Excavation" on the map introduced in evidence in this suit as Plaintiff's Exhibit No. 1. And in the event that it becomes necessary to more certainly and definitely fix and describe the land and property covered by such decree, such further proceedings can be taken herein as will enable the court to do so.

Decree ordered for complainant under the issues of the bill and answer herein, in accordance with the foregoing memorandum opinion, and upon the condition that complainant will do equity, as hereinbefore ordered, and, upon complainant filing herein his consent and stipulation to such conditional award of decree, solicitor for complainant will prepare such decree under the rules of this court.