PORTER, ET AL. v. CARSTENSEN
(No. 1533; March 5, 1929; 274 Pac. 1072)

*Brome & Brome,* for appellant.

*C. H. Harkins,* for respondent.

BLUME, Chief Justice.

This is an action for injunction brought by Wilmer C. Porter and Charles Duncan against Henry Carstensen to enjoin the latter from continuing to trespass on the land in controversy in this case. Charles Duncan was lessee of the land in dispute and need not be referred to again. Judgment was entered for plaintiffs, from which the defendant Carstensen has appealed.

The case is connected in its facts with the case of Carstensen v. Brown, 32 Wyo. 491, 236 Pac. 517, and in fact grows out of the same matter mentioned in that case. As shown in that case, Carstensen is the legal owner of the SE¼ SW¼ Section 21 and the W½ NE¼, NE¼ NW¼ Section 28, Township 48 N., Range 89 W. Brown, the de-

fendant in the case just mentioned, is the owner of lands immediately east and north of Carstensen's land. We held in that case that the boundary established between the lands of Carstensen and Brown was the true boundary, under the doctrine of recognition and acquiescence thereof, notwithstanding the fact that it was not along the lines of the legal subdivisions of the lands as described in the patents thereto, and as determined by a re-survey made in 1918. In the case at bar, Carstensen, the defendant and appellant, not being permitted to encroach on the lands settled on by Brown, now attempts to save his lands as originally located on the ground and upon which the plaintiff and respondent, Porter, is and has been seeking to encroach.

Up to October, 1918, Carstensen occupied a tract of land which he bought in 1904 from one McNay, and which he thought to be included in the description of his land as given above. The boundaries between his land and that entered upon by the plaintiff Porter were marked by a substantial fence. There were buildings on the land, including a house and barn, and the tract actually occupied by Carstensen was cultivated and put into crops up to the line of the fence above mentioned. The plaintiff Porter entered his land, described as the SE¼ NW¼, E½ SW¼, NW¼ SE¼, Section 28, Township 48, Range 89, on September 10, 1917. It had previously been entered by various parties successively, the entrymen relinquishing the land from time to time to the United States government, until Porter entered it pursuant to a relinquishment made in his favor by Frank T. Reed on August 8, 1917. Pursuant to his entry, he took possession of land which did not in any way encroach on Carstensen's land, as marked by the latter's fence, and he recognized such fence as establishing the boundary until a re-survey of the township was made in 1918. This resurvey changed the lines of the sections and the subdivisions thereof, which had previously been considered the true lines, moving them slightly further

north and about one-fourth of a mile further east, so that 3.20 acres of Carstensen's land was, if that survey was correct, found to be in the NE¼ SW¼, Section 28; 3.35 acres in the NW¼ SE¼, Section 28, and 23 acres in the SE¼ NE¼, all in township and range aforesaid. Some time during the month of October, 1918, the father of plaintiff, who was in charge for the latter, moved Carstensen's fences and built a fence between plaintiff's and Carstensen's land according to the new survey. The parties are not entirely agreed as to the subsequent facts, plaintiff claiming that Carstensen made no objection to the removal of the fences to the new lines, while Carstensen claims that he objected, although he subsequently permitted the matter to rest until a legal determination as to the true boundary line should be obtained. It is clear that as soon as Carstensen discovered what plaintiff's father was doing he sought legal advice of Mr. Rich, an attorney at Worland. Mr. Rich went to the land in question and gave it as his opinion that the moving of the fence could not be resisted. Soon thereafter Carstensen commenced an action against Brown, his neighbor on the east. The suit between these parties was ultimately determined against him. Carstensen v. Brown, 32 Wyo. 491, 236 Pac. 517. Thereafter, in the month of June, 1926, he moved the fence between his land and that of Porter's back to where it had been in October, 1918. The present action was instituted on July 14, 1926.

There is no controversy between the parties as to the procedure. The case was tried as one to determine the ownership of the land in dispute. Plaintiff's theory was that he was the owner thereof, and he bases that claim upon the new survey made in 1918. He has, however, wholly failed to sustain his claim. It appears that a previous survey of the township in question had been made in 1884, and in fact the patent issued to the plaintiff Porter was based upon that survey. It is a well known rule that a re-survey cannot disturb the title which parties have

acquired up to the time that it is made. Bentley v. Jenne, 33 Wyo. 1, 236 Pac. 509. There is no evidence in the record that the new survey was according to the lines of the old survey. The fence was moved because, as George M. Porter testified, "the government was establishing corners on the survey lines through that country," and no attempt was made to show, by competent testimony, that these lines were correct, or even that the new survey was approved by the government of the United States. The main witness, who might have been a competent witness on that point, and who mentioned the re-survey, was H. C. Avery, a witness for the defendant, and he did not in any way pretend to know whether or not it was correct. There is no evidence in the record, accordingly, to show that the boundary existing prior to 1918 was not the true boundary. The judgment herein, accordingly, cannot stand, but must be reversed for this reason, if no other.

No title by adverse possession could be obtained by Carstensen and his predecessor in interest to the tract in dispute, if, and so long as, that tract belonged to the government. That principle is too well settled to need citation of authorities. See Decennial Digest, under the title of Adverse Possession, Sec. 7. The theory of counsel for Carstensen is, however, that the doctrine of recognition and acquiescence of boundary, as announced in the case of Carstensen v. Brown, supra, is applicable in this case, because the evidence shows that the entrymen on Porter's land from 1904 to 1917 recognized his fence as the boundary. It is true that that doctrine was applicable in the case just mentioned, because of the fact that Carstensen's land was land in private ownership from 1904 to 1918. But the situation in the case at bar would be different if the land adjoining Carstensen's was public land. It was held in the case of Boxelder Livestock Co. v. Glynn, 58 Mont. 561, 193 Pac. 1117, that an agreement as to a boundary line was binding on a homestead entryman and those claiming under him. If Porter, accordingly, had recog-

nized and acquiesced in the boundary line for the period of ten years it would, according to the Montana case, have been binding upon him. But Porter's land was public land when he entered it, and we doubt that his possession may be tacked to that of previous entrymen who subsequently relinquished it to the United States. We doubt that Porter may be said to have been in privity with such previous entrymen, so as to make the acts of the latter binding upon him. No authority to that effect has been cited, and we have found none. It may, however, be, and the indications seem to be, that, as mentioned on the oral argument, the following cases should control this case if it is hereafter shown that the re-survey was correct, namely, Bentley v. Jenne, 33 Wyo. 1, 236 Pac. 509; Snider v. Ostrander, 26 Colo. App. 468, 145 Pac. 283; Mason v. Brought, 33 So. Dak. 559, 146 N. W. 687; Widdicombe v. Childers, 84 Mo. 382; Hedrick v. Beeler, 110 Mo. 91, 19 S. W. 492; Godkin v. Cohn, (C. C. A.) 80 Fed. 458; Fearns v. Atchison, T. & S. F. R. Co., 33 Kans. 275, 6 Pac. 237; Wirth v. Branson, 98 U. S. 118, 25 L. Ed. 86; Widdicombe v. Childers, 124 U. S. 400, 31 L. Ed. 427, 8 Sup. Ct. 517; Hedrick v. Atchison, T. & S. F. R. Co., 167 U. S. 673, 42 L. Ed. 320, 17 Sup. Ct. 922. The theory of these cases is that where a man enters upon the lands of the United States in good faith, and fully complies with the land laws relating thereto, then, although a mistake may have been made in the description of his entry or in the patent, he obtains an equitable title thereto, particularly if occupied for a long time, and valuable improvements are put thereon, and that one who locates upon the same land subsequently with knowledge of the actual entry and occupancy cannot take advantage of the mistake; that if he obtains a patent to such land he holds it in trust for the equitable owner, in other words, that a court of equity can correct the mistake, if the equities demand it. We prefer, however, at this time, not to determine whether the principle of these cases should be applied until, on a new trial, all the facts in

connection with the entry, how it came to be made, whether it was definitely located on the ground, what improvements were made thereon by the entryman, as well as by his successor, under what land laws it was entered, whether a patent has been issued, and all other facts and circumstances having any bearing on the case, and showing whatever equities exist, have been brought out in detail. The pleadings in the case may, on application, be amended.

The judgment herein is accordingly reversed, and the cause remanded for a new trial.

*Reversed and Remanded.*

KIMBALL and RINER, JJ., concur.