[No. 3638.]

SHWAYDER ET AL. v. CLAY.

VERDICT—*Construed.* Defendants gave bond to plaintiff conditioned that the principal therein should return to the registry of the court whereof plaintiff was clerk so much of $1,000, received by him, as, in a cause to be afterwards instituted, it might be determined that he was not entitled to retain as his fee as an attorney in a certain cause theretofore depending. The action being afterwards instituted, the jury rendered a verdict in favor of the attorney, in the sum of $200.00. These facts appearing by the answer in an action upon the bond, *held*, that the plaintiff was entitled to judgment on the pleadings; that the verdict imported that the entire fee to which the attorney was entitled was $200.00, and not that sum in addition to the $1,000; that the answer presented no issue of fact.

*Appeal from Denver District Court.* HON. GREELEY W. WHITFORD, Judge.

Messrs. SOLOMON SHWAYDER, PHILIP HORNBEIN, L. M. GODDARD and HUGH MCLEAN, for appellants.

Mr. CHARLES H. TALBOT, and Mr. MILTON J. HELMICK, for appellee.

BELL, J.

This controversy grows out of certain proceedings in the divorce suit of Carrie O'Donnell v. Michael O'Donnell, commenced in the district court of the city and county of Denver in the year 1906. Solomon Shwayder, one of the appellants herein, was the attorney for Carrie O'Donnell in said divorce suit, and, as such, secured a temporary injunction restraining Michael O'Donnell from transferring his property *pendente lite*. Subsequently the O'Donnells settled their dispute out of court, and, after taking evidence, the court entered an order fixing the amount of counsel fees due the appellant Solomon Shwayder for the services rendered by him to Carrie O'Donnell in said divorce suit. Later the court vacated its order in this respect, and directed the appellant Shwayder to institute proceedings in said district court for the purpose of determining the proper compensation for his services, and of enforcing his lien therefor against the sum of $1,000 which he held, and which had previous to his possession thereof been placed by Michael O'Donnell, as a result of the divorce proceedings, in the custody of Otis B. Spencer, predecessor in office of the appellee, as registrar of said court. In pursuance of an order of court, the appellant Shwayder was directed to return to the registry of said court said sum of $1,000 within thirty days from the 10th day of November, 1906, or to give a good and sufficient bond, with sureties thereon, conditioned that he would return to the registry of said court said sum of $1,000, or so much thereof as might be determined he was not entitled to retain as compensation for his services aforesaid, the value of which services was to

be determined in a proper civil proceeding which he was directed to institute in said district court within ten days from the 10th day of December, 1906. On or about the 10th day of November, 1906, the appellants herein, for the purpose of allowing said Shwayder to retain said sum of $1,000, pending the determination of the value of his said services as provided in said order of court, and in compliance with the terms of said order, did execute and deliver to the appellee's predecessor as aforesaid their bond in the sum of $1,500 with Solomon Shwayder as principal, and David Schwartz and Harry Schwartz as sureties. Said bond provided that Solomon Shwayder might retain said sum of $1,000 pending the final determination of a certain proceeding to be brought by him in said court for the purpose of establishing the value of his services as aforesaid, and of enforcing his lien therefor, and that he should return to the registry of said court the said sum of $1,000, or so much thereof as might be determined in said proceeding he was not entitled to retain as compensation for his said services. On or about the 18th day of December, 1906, said Shwayder, in compliance with said order of court and the conditions of his bond, brought an action in the district court against Carrie O'Donnell and Michael O'Donnell to establish the full value of his services rendered to Carrie O'Donnell, as aforesaid, and to enforce his lien therefor, and on or about the 13th day of October, 1908, the value of said services was tried to a jury, which rendered a verdict in favor of said Shwayder in the sum of $200, and upon which verdict the court rendered and had judgment entered. Subsequently the appellee herein brought the action now before us to recover the sum of $800, the balance of $1,000 held by Shwayder after deducting therefrom the amount of his $200 judgment, setting up the bond in haec verba, its breach, and the resultant indebtedness of $800 accruing to the appellee thereon. The appellants,

after preliminary proceedings by way of demurrers, filed their answer admitting the capacity of the appellee, the proceeding in said divorce case, the issuing of said injunction, the settlement between the O'Donnells, the discontinuance of the divorce suit, the dissolution of the injunction, and the execution and delivery of the bond sued upon, but deny the power of the court to require such a bond. They also admit that suit was brought by appellant Shwayder in the district court against the O'Donnells to recover the full value of his services rendered in said divorce suit, and to enforce his attorney's lien therefor, and further admit the verdict and judgment therein in the sum of $200, and their refusal to pay the sum of $800 demanded, or any part thereof, claiming that Shwayder is entitled to the whole sum of $1,000 mentioned in the bond, in addition to the sum of $200, the amount of the judgment. Much of the answer filed as aforesaid was stricken out, and the appellants, in open court, elected to and did stand upon their answer as reduced, whereupon the appellee asked for judgment on the pleadings, which was rendered by the court in the sum of $784 and costs to be taxed, from which judgment the appellants appealed.

Counsel for appellants abandon all assignments of error, except numbers 6 and 7, wherein they complain of the action of the court in rendering and entering judgment on the pleadings. Counsel's contentions are that the pleadings raised a triable issue as to whether the verdict of the jury for $200 in favor of Shwayder embraced his entire compensation, or whether it was the intention of the jury to permit him to retain the sum of $1,000 mentioned in the bond, and award him an additional sum of $200, the amount mentioned in its verdict, making an aggregate compensation to the appellant Shwayder of $1,200 for the services rendered by him in said divorce suit.

We are in complete unison with the contention of counsel for appellants that judgments upon the pleadings

should be restricted. However, where the answer largely controverts conclusions of law, as it does in this case, and under the general condition of the pleadings before us, we think an uncontroverted cause of action is stated in the complaint, and that such a judgment was proper. We also think that it is almost self-evident from the record before us that it was understood by the court and jury at the trial of the Shwayder-O'Donnell case that Shwayder's entire compensation for his services in the O'Donnell divorce suit was being submitted, and was determined to be in the sum of $200, and the court was justified in the case before us in rendering judgment for the appellee herein in the sum of $784 and costs; hence, we think the judgment should be and it is hereby affirmed, with costs.

Decided June 10, A. D. 1913. Rehearing denied July 14, A. D. 1913.