[No. 4047.]

## SNIDER ET AL. V. OSTRANDER.

1. EQUITY—*Public Lands—Mistake of Land Officers Corrected.* Equity has always assumed jurisdiction to grant relief where by mistake of the land officers of the United States, lands to which, one party is entitled, have been patented to another. (470)

2. —— *Decree—Cancelling Patent.* The 'decree in such case should not cancel the patent, but declare the party who has obtained the title trustee for the one entitled thereto. (472)

*Error to Grand District Court.* HON. CHARLES McCALL, Judge.

MR. GEO. B. CAMPBELL for plaintiffs in error.

MESSRS. HOWARD & McCRILLIS for defendant in error.

BELL, J.

This is an equitable action brought in the District Court of Grand County in the nature of a suit to quiet the title of Joseph N. Ostrander, defendant in error, plaintiff below, to certain lands in township 1 N., range 76 W. 6th P. M., in said county, Colorado. A decree was rendered and entered on the facts found by the court to be admitted in the pleadings, or in what is generally termed a judgment on the pleadings.

If the complaint should be taken as confessed, it would seem to be conceded that Daniel N. Ostrander, the father of said Joseph N. Ostrander, settled upon certain lands in the township aforesaid, resided and made extensive improvements thereon, and purchased the same under the pre-emption laws of the United States, and the government of the United States endeavored to convey the same to him by its patent, but by inadvertence and a mutual mistake, conveyed to him instead other lands in said township, which are situated about one mile east of the lands intended to be patented; also, that James M. Spring, by his administrator, conveyed to said Daniel N. Ostrander the legal title to certain other lands in said township, which legal title was conveyed to said Spring by the government of the United States by its patent issued

therefor through an inadvertence and mutual mistake; that said Spring actually settled and resided upon, improved and claimed under the homestead laws of the United States different lands in said township from those patented to him, in which he owned the equitable title, and to which he sought to secure, through the patent issued to him, the legal title which was intended to be conveyed by his administrator to said Daniel N. Ostrander as aforesaid; and, further, that James W. Snider, predecessor in interest of the plaintiffs in error, defendants below, settled upon, improved, claimed and purchased from the United States, under the pre-emption laws, still other lands in said township, and attempted to obtain the legal title thereto from the government of the United States, and the government intended and endeavored to convey him such title, through its patent, but by inadvertence and mistake as aforesaid, conveyed him the premises in controversy herein, which are situate one mile east of those intended to be patented to him, and which were settled upon, improved, claimed and equitably owned by said Daniel N. Ostrander and James M. Spring at the time the patent therefor was issued to him.

The contentions of the plaintiffs in error, heirs at law of said James W. Snider, are chiefly, among others, that the government of the United States, and not the defendant in error, is the proper party to bring a suit for the cancellation of the patent, and that the findings of the United States Land Office, that Snider had occupied, settled upon and improved the land described in his patent, are *res adjudicata* and binding upon the parties and the court.

We have examined the defenses set up by the plaintiffs in error and find them insufficient to defeat the equities set forth in the complaint. Their contention that the findings of the United States Land Office, made in an *ex parte* proceeding, that James W. Snider had occupied, settled upon and improved the land described in his patent, are *res adjudicata* and binding upon the parties and the court, is untenable

The rule contended for applies to error of judgment in contests before the land officers where the only remedy is by appeal within the Land Department; but there has always existed in courts of equity the jurisdiction to correct mistakes where lands have been given one claimant which upon unmistakable facts belong to another: *Johnson v. Towsley,* 13 Wall. 72, 20 L. Ed. 485; *Moore v. Robbins,* 96 U. S. 530, 24 L. Ed. 848; *Shepley v. Cowan,* 91 U. S. 340, 23 L. Ed. 424.

Plaintiffs in error also insist that the defense of the statutes of limitations was set up in their answer and not replied to, and, therefore, was taken as confessed. We do not think that the statutes pleaded or argued by counsel have any application to the facts involved in this controversy.

Again assuming the allegations of the complaint to be true, the positions urged by the plaintiffs in error on the merits of the controversy are utterly inequitable, and founded upon a common mistake made in the official survey of township 1 N., range 76 W. 6th P. M., by which a strip of land extending the entire length of said township, north and south, one mile in width at the north and running to a point at the south, and lying between townships 1 N., ranges 76 and 77 W. of the 6th P. M., was left unsurveyed, and when the filings by the settlers hereinbefore mentioned were accepted, no recognition of this unsurveyed strip was taken by the land officers; and by reason of said officials ignoring the existence of said triangular strip, they furnished the settlers aforesaid with descriptions of the public domain quite a mile east of the lands respectively settled upon, improved and purchased by them. The defendant in error, according to his complaint, seeks only to obtain the legal title to lands possessed and equitably owned by him and his predecessors in interest. The very suggestion of the conditions as set forth in the complaint, if true, ought to satisfy any litigant that he or she could have no standing on the merits in a court of equity, and a common duty should dictate to parties so situated that they lend all

voluntary assistance on demand to correct such errors as are herein complained of so as to permit each one to secure a patent to the premises upon which his settlement, improvement and residence were established; to accomplish any other result would be a flagrant defeat of the cardinal purposes of the homestead and pre-emption laws of the United States, which are intended to provide 160 acres of government domain to such qualified citizens of the United States as in good faith settle upon, improve and occupy the same as permanent homes.

The facts averred in the complaint are sufficient to entitle the defendant in error to a decree quieting his title to the premises in dispute and to justify the court in declaring that the plaintiffs in error hold the legal title thereof in trust for the defendant in error, and such relief is permissible under the general prayer of the complaint. The trial court decreed the United States patent to said premises cancelled, and enjoined the plaintiffs in error from thereafter asserting any rights to said premises thereunder. We think the court exceeded its powers in cancelling the patent under the conditions attending this controversy. There is a seeming conflict of authority as to whether the cancellation of a patent can be had upon complaint made by any other than the United States government; but there seems to be no doubt as to the right of the courts, in contests between private citizens in which the United States has no interest or has parted with the legal title to the lands in dispute, to declare the holder of such title a trustee holding the same for the use and benefit of the true and equitable owner of the lands and require a transfer of such title in the manner approved by courts of equity, and we conclude that this is the appropriate remedy and the one that should be applied in this case, if the facts are as herein stated: 26 Am. & Eng. Encyc. of Law (2d Ed.) 397, and note 7, citing many cases; *Boggs v. Merced M. Co.,* 14 Cal. 363; *Gaines et al. v. Nicholson et al.,* 9 How. 364, 13 L. Ed. 172; *Steel v. St. Louis M. & R. Co.,* 106 U. S.

447, 1 Sup. Ct. 389, 27 L. Ed. 226; 19 Am. & Eng. Encyc. of Law (1st Ed.) 358, and notes 1 and 2, citing many cases; *Johnson v. Towsley,* 13 Wall. 72, 20 L. Ed. 485; *Moore v. Robbins,* 96 U. S. 530, 24 L. Ed. 848.

In *Shwayder v. Clay,* 24 Colo. App. 336-340, 133 Pac. 420, it has been said that judgments on the pleadings should be restricted; and, as the pleadings in this case, upon which the decree was rendered, are more or less complicated and burdened with technical descriptions which could readily admit of error and mistake, such as is herein complained of, and thereby result to the injury of either or both of the parties—therefore, to avoid any such error or injury that may result therefrom, it is hereby ordered and directed that the decree be reversed and the case remanded with instructions to the trial court to permit the parties to amend their pleadings as they may be advised, and to determine the cause upon such proper evidence as may be tendered and in conformity with the conclusions of law herein expressed.

*Reversed and Remanded with Instructions.*